## MELICK and DAYTON vs. CREAMER and EMERY.

1. A deed absolute on its face, held to be a mortgage, it having been intended by the parties to be a mere security.

2. The general rule disallows costs to the complainant in a suit against a mortgagee to redeem. In this case, the special circumstances held to be such that neither party should have costs against the other.

*Mr. G. A. Allen,* for complainants.

*Mr. Shipman,* for defendant, Creamer.

THE VICE-CHANCELLOR.

The complainants ask to have a deed of conveyance, absolute on its face, decreed to be a security in the nature of a mortgage, and to be allowed to redeem by payment of the amount due on it. The deed was made November 3d, 1865, by Willis H. Emery to Amos W. Creamer, and was duly acknowledged and recorded on the same day. The estate conveyed, was an undivided vested interest of the grantor in the homestead farm held by his parents for life—a farm of about two hundred and sixty-eight acres, with dwelling-house and out-buildings of good description, and situated near High Bridge, in the county of Hunterdon. The grantor was about twenty-two years old when the deed was given, and gave it for a horse, which was sold him by Creamer for the price of $140. This is the consideration named in the deed. The grantor sold and conveyed the same undivided interest by deed of June 17th, 1868, to the complainants, for the consideration expressed in the deed, of $1800.

Their bill to redeem is upon the ground that the deed of November 3d, 1865, was intended by the parties to it, to be a mere security. They contend, and the defendant, Emery, expressly testifies, that there was no sale and conveyance of the premises in any absolute sense, but only to secure the

price of the horse, with interest. If this be the truth, the absolute character of the deed on the face of it, will be controlled and changed so as to conform its operation and effect to the real object of it. This is settled by many decisions in this state. *Sweet* v. *Parker*, 7 *C. E. Green* 453. The dispute is about the question of fact. At the close of the testimony, which was given orally before me, the argument of the case was postponed at request of counsel, in accordance with the rule. It has now been waived by the complainants and a written brief has been submitted for the defendant. I regarded the evidence as very strong and conclusive at the close of the testimony, to the point that the deed was given as a security. A new and careful examination of it has confirmed this opinion, and I have no hesitation in advising a decree for the complainants.

The general rule disallows costs to the complainant in a suit against a mortgagee on a bill to redeem. *Lozear* v. *Shields*, 8 *C. E. Green* 511. I have doubted whether, in this case, the defendant, Creamer, should not be subjected to costs, but the facts on both sides seem to me to be such that neither party should pay costs to the other.

I will advise a decree that the complainants may redeem, by payment of $140, with lawful interest from November 3d, 1865, to the time of the payment, at any time within three months from the date of decree.